1    John V. Picone III (State Bar No. 187226)          **\*E-FILED 8/24/2009\***
     jpicone@hopkinscarley.com
2    Erik P. Khoobyarian (State Bar No. 226749)
     ekhoobyarian@hopkinscarley.com
3    HOPKINS & CARLEY
     A Law Corporation
4    The Letitia Building
     70 South First Street
5    San Jose, CA  95113-2406

6    Attorneys for Plaintiffs and Counter-Defendants
     AVAGO TECHNOLOGIES U.S., INC., AVAGO
7    TECHNOLOGIES INTERNATIONAL SALES
     PTE. LIMITED, AVAGO TECHNOLOGIES
8    JAPAN, LTD., AVAGO TECHNOLOGIES
     CANADA CORPORATION
9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12   AVAGO TECHNOLOGIES U.S., INC., a        Case No. 08-CV-03248 JW
     Delaware corporation, AVAGO
13   TECHNOLOGIES INTERNATIONAL              **STIPULATED PROTECTIVE ORDER**
     SALES PTE. LIMITED, AVAGO
14   TECHNOLOGIES JAPAN, LTD.,
     AVAGO TECHNOLOGIES CANADA                   **(MODIFIED BY THE COURT)**
15   CORPORATION,

16                     Plaintiffs,

17            v.

18   EMCORE CORPORATION, VENTURE
     CORPORATION LIMITED fka
19   VENTURE MANUFACTURING (S)
     LTD.,
20                     Defendants.

     AND RELATED COUNTERCLAIM.
21

22          1.      PURPOSES AND LIMITATIONS

23          Disclosure and discovery activity in this action are likely to involve production of

24   confidential, proprietary, or private information for which special protection from public

25   disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

26   Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

27   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

28   all disclosures or responses to discovery and that the protection it affords extends only to the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

000\649640.4

1    limited information or items that are entitled under the applicable legal principles to treatment as

2    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this

3    Stipulated Protective Order creates no entitlement to file confidential information under seal;

4    Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

5    that will be applied when a party seeks permission from the court to file material under seal.

6        2.      DEFINITIONS

7            2.1 <u>Party</u>: any party to this action, including all of its officers, directors,

8    employees, consultants, retained experts, and outside counsel (and their support staff).

9            2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

10    medium or manner generated, stored, or maintained (including, among other things, testimony,

11    transcripts, or tangible things) that are produced or generated in disclosures or responses to

12    discovery in this matter.

13            2.3 <u>"Confidential" Information or Items</u>: information (regardless of how

14    generated, stored or maintained) or tangible things that qualify for protection under standards

15    developed under F.R.Civ.P. 26(c).

16            2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

17    extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

18    nonparty would create a substantial risk of serious injury that could not be avoided by less

19    restrictive means.

20            2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

21    Producing Party.

22            2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

23    Material in this action.

24            2.7. <u>Designating Party</u>: a Party or non-party that designates information or items

25    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

26    Confidential - Attorneys' Eyes Only."

27            2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

28    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.  <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  <u>House Counsel</u>: attorneys who are employees of a Party.

2.11  <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  **For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

5.    DESIGNATING PROTECTED MATERIAL

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

1    standards.  A Designating Party must take care to designate for protection only those parts of

2    material, documents, items, or oral or written communications that qualify – so that other portions

3    of the material, documents, items, or communications for which protection is not warranted are

4    not swept unjustifiably within the ambit of this Order.

5            Mass, indiscriminate, or routinized designations are prohibited.  Designations that

6    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

7    unnecessarily encumber or retard the case development process, or to impose unnecessary

8    expenses and burdens on other parties), expose the Designating Party to sanctions.

9            If it comes to a Party's or a non-party's attention that information or items that it

10    designated for protection do not qualify for protection at all, or do not qualify for the level of

11    protection initially asserted, that Party or non-party must promptly notify all other parties that it is

12    withdrawing the mistaken designation.

13            5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

14    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

15    material that qualifies for protection under this Order must be clearly so designated before the

16    material is disclosed or produced.

17            Designation in conformity with this Order requires:

18            (a) for information in documentary form (apart from transcripts of depositions or

19    other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

20    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each

21    page that contains protected material. If only a portion or portions of the material on a page

22    qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

23    (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

24    level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

25    ATTORNEYS' EYES ONLY").

26            A Party or non-party that makes original documents or materials available for

27    inspection need not designate them for protection until after the inspecting Party has indicated

28    which material it would like copied and produced.  During the inspection and before the

designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

1    designation.  A challenging Party may proceed to the next stage of the challenge process only if it

2    has engaged in this meet and confer process first.

3            6.3  <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

4    confidentiality designation after considering the justification offered by the Designating Party

5    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

6    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

7    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

8    the movant has complied with the meet and confer requirements imposed in the preceding

9    paragraph and that sets forth with specificity the justification for the confidentiality designation

10   that was given by the Designating Party in the meet and confer dialogue.

11           The burden of persuasion in any such challenge proceeding shall be on the

12   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

13   material in question the level of protection to which it is entitled under the Producing Party's

14   designation.

15       7.    ACCESS TO AND USE OF PROTECTED MATERIAL

16           7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

17   disclosed or produced by another Party or by a non-party in connection with this case only for

18   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19   disclosed only to the categories of persons and under the conditions described in this Order.

20   When the litigation has been terminated, a Receiving Party must comply with the provisions of

21   section 11, below (FINAL DISPOSITION).

22           Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons authorized under

24   this Order.

25           7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

26   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27   disclose any information or item designated CONFIDENTIAL only to:

28

1       (a) the Receiving Party's Outside Counsel of record in this action, as well as

2  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

3  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

4  hereto as Exhibit A;

5       (b) the officers, directors, and employees (including House Counsel) of the

6  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8       (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

9  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

10  Protective Order" (Exhibit A);

11       (d) the Court and its personnel;

12       (e) court reporters, their staffs, and professional vendors to whom disclosure is

13  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14  Protective Order" (Exhibit A);

15       (f) during their depositions, witnesses in the action to whom disclosure is

16  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

17  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

18  Protected Material must be separately bound by the court reporter and may not be disclosed to

19  anyone except as permitted under this Stipulated Protective Order.

20       (g) the author of the document or the original source of the information.

21       7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

22  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

23  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

25       (a) the Receiving Party's Outside Counsel of record in this action, as well as

26  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

27  litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

28  hereto as Exhibit A;

1    (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

2    necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

3    Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

4    been followed;

5    (c) the Court and its personnel;

6    (d) court reporters, their staffs, and professional vendors to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8    Protective Order" (Exhibit A); and

9    (e) the author of the document or the original source of the information.

10    7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

11    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

12    (a) Unless otherwise ordered by the court or agreed in writing by the Designating

13    Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or

14    item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first

15    must make a written request to the Designating Party that

16    (1) identifies the specific HIGHLY CONFIDENTIAL information that the

17    Receiving Party seeks permission to disclose to the Expert,

18    (2) sets forth the full name of the Expert and the city and state of his or her

19    primary residence,

20    (3) attaches a copy of the Expert's current resume,

21    (4) identifies the Expert's current employer(s),

22    (5) identifies each person or entity from whom the Expert has received

23    compensation for work in his or her areas of expertise or to whom the expert has provided

24    professional services at any time during the preceding five years, and

25    (6) identifies (by name and number of the case, filing date, and location of

26    court) any litigation in connection with which the Expert has provided any professional services

27    during the preceding five years.

28    (b) A Party that makes a request and provides the information specified in the

1   preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

2   within seven court days of delivering the request, the Party receives a written objection from the

3   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

4          (c) A Party that receives a timely written objection must meet and confer with the

5   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

6   agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert

7   may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

8   5, if applicable) seeking permission from the court to do so.  Any such motion must describe the

9   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

10  Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

11  suggest any additional means that might be used to reduce that risk.  In addition, any such motion

12  must be accompanied by a competent declaration in which the movant describes the parties'

13  efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

14  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

15  approve the disclosure.

16         In any such proceeding the Party opposing disclosure to the Expert shall bear the

17  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

18  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

19      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
                OTHER LITIGATION.
20

21         If a Receiving Party is served with a subpoena or an order issued in other litigation that

22  would compel disclosure of any information or items designated in this action as

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

24  Receiving Party must so notify the Designating Party, in writing, by email and, if possible by fax,

25  immediately and in no event more than three court days after receiving the subpoena or order.

26  Such notification must include a copy of the subpoena or court order.

27         The Receiving Party also must immediately inform in writing the Party who caused the

28  subpoena or order to issue in the other litigation that some or all the material covered by the

1  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

2  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

3  caused the subpoena or order to issue.

4  The purpose of imposing these duties is to alert the interested parties to the existence of

5  this Protective Order and to afford the Designating Party in this case an opportunity to try to

6  protect its confidentiality interests in the court from which the subpoena or order issued.  The

7  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

8  confidential material – and nothing in these provisions should be construed as authorizing or

9  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10  9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Stipulated Protective

13  Order, the Receiving Party must immediately

14  (a) notify in writing the Designating Party of the unauthorized disclosures,

15  (b) use its best efforts to retrieve all copies of the Protected Material,

16  (c) inform the person or persons to whom unauthorized disclosures were made of

17  all the terms of this Order, and

18  (d) request such person or persons to execute the "Acknowledgment and

19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20  10.      FILING PROTECTED MATERIAL.

21  Without written permission from the Designating Party or a court order secured after

22  appropriate notice to all interested persons, a Party may not file in the public record in this action

23  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24  with Civil Local Rule 79-5.

25  11.      FINAL DISPOSITION.

26  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

27  after the final termination of this action, each Receiving Party must return all Protected Material

28  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    MISCELLANEOUS

12.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   Dated: August 18, 2009               HOPKINS & CARLEY
                                         A Law Corporation
2

3
                                         By:  /s/ Erik P. Khoobyarian
4                                            Erik P. Khoobyarian
                                             Attorneys for Plaintiffs and
5                                            Counter-Defendants
                                             AVAGO TECHNOLOGIES U.S., INC.,
6                                            AVAGO TECHNOLOGIES
                                             INTERNATIONAL SALES PTE. LIMITED,
7                                            AVAGO TECHNOLOGIES JAPAN, LTD.,
                                             AVAGO TECHNOLOGIES CANADA
8                                            CORPORATION

9

10  Dated: August 18, 2009               WHITE & CASE LLP

11

12                                       By:  /s/ Matthew P. Lewis
                                             Matthew P. Lewis
13                                           Attorneys for Defendant and Counterclaimant
                                             VENTURE CORPORATION LIMITED fka
14                                           VENTURE MANUFACTURING (S) LTD.
                                             and Counterclaimant TECHNOCOM
15                                           SYSTEMS SDN BHD

16

17  Dated: August 18, 2009               REDENBACHER & BROWN, LLP

18

19                                       By:  /s/ John C. Brown
                                             John C. Brown
20                                           Attorneys for Defendant
                                             EMCORE CORPORATION
21

22

23

24            **ATTESTATION OF ERIK P. KHOOBYARIAN**

25          I, Erik P. Khoobyarian, am one of the attorneys of record for Plaintiffs and Counter

26  Defendants AVAGO TECHNOLOGIES U.S., INC., AVAGO TECHNOLOGIES

27  INTERNATIONAL SALES PTE. LIMITED, AVAGO TECHNOLOGIES JAPAN, LTD., and

28  AVAGO TECHNOLOGIES CANADA CORPORATION.  I have obtained concurrence in the

1  filing of this document from John C. Brown, attorney of record for Defendant EMCORE

2  CORPORATION; Matthew P. Lewis attorney of record for Defendant and Counterclaimant

3  VENTURE CORPORATION LIMITED fka VENTURE MANUFACTURING (S) LTD. and

4  Counterclaimant TECHNOCOM SYSTEMS SDN BHD, which shall serve in lieu of his signature

5  on the filed document.  I have obtained and will maintain records to support this concurrence for

6  subsequent production for the court if so ordered or for inspection upon request by a party until

7  one year after final resolution of the action (including appeal, if any).

8

9  Dated: August 18, 2009

10                                                        By:   /s/ Erik P. Khoobyarian

11                          **AS MODIFIED BY THE COURT,**                      Erik P. Khoobyarian

12        PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14  DATED: _____   _____

15                          August 22, 2009        United States District Judge

                                        Magistrate

16                                            Howard R. Lloyd

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3          I, _____ [print or type full name], of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on [date] in the case of _____ [insert formal name of

7    the case and the number and initials assigned to it by the court]. I agree to comply with and to be

8    bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

9    failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

10   solemnly promise that I will not disclose in any manner any information or item that is subject to

11   this Stipulated Protective Order to any person or entity except in strict compliance with the

12   provisions of this Order.

13          I further agree to submit to the jurisdiction of the United States District Court for the

14   Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16          I hereby appoint _____ [print or type full name] of

17   _____ [print or type full address and telephone

18   number] as my California agent for service of process in connection with this action or any

19   proceedings related to enforcement of this Stipulated Protective Order.

20

21   Date: _____

22   City and State where sworn and signed: _____

23   Printed name: _____
                          [printed name]
24

25   Signature: _____
                          [signature]
26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

000\649640.4                                    - 15 -

STIPULATED PROTECTIVE ORDER                                    CASE NO. 08-CV-03248 JW