*E-FILED 12-17-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S., INC., AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, AVAGO TECHNOLOGIES JAPAN, LTD., AVAGO TECHNOLOGIES CANADA CORPORATION,<br><br>Plaintiff,<br>v.<br><br>EMCORE CORPORATION; VENTURE CORPORATION fka VENTURE MANUFACTURING (S) LTD.,<br><br>Defendants. | No. C08-03248 JW (HRL)<br><br>**ORDER DENYING AS MOOT DEFENDANT EMCORE CORPORATION'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Re: Docket No. 70]** |

Plaintiffs (collectively referred to here as "Avago") supply optoelectronics products, RF/microwave components, and enterprise ASICs (Application Specific Integrated Circuits). They sue for the alleged failure of certain fiber optic transceivers that were sold to Avago customers. Defendant Venture Corporation ("Venture") reportedly manufactured the transceivers in question. Defendant Emcore Corporation ("Emcore") manufactured a component of the transceivers — i.e., Vertical Cavity Surface Emitting Lasers ("VCSELs") — which allegedly caused the transceivers to be defective. Avago asserts claims for breach of contract and breach of express warranty against Venture, as well as a claim for negligent interference with prospective economic advantage against Emcore.

1    Emcore moves to compel plaintiffs to produce documents responsive to Emcore's first
2 set of requests for production. Plaintiffs oppose the motion. Upon consideration of the moving
3 and responding papers, as well as the arguments of counsel, this court denies the motion as
4 moot.

5    The discovery requests at issue essentially seek documents relating to plaintiffs'
6 allegations. On the instant motion, there was no dispute *whether* documents would be
7 produced. The parties disagreed only as to *when* the production should happen. Emcore felt
8 that it had been reasonable in extending production deadlines and that plaintiffs had more than
9 enough time to gather and produce documents. Plaintiffs stated that they were in the midst of
10 processing hundreds of thousands of pages of documents gathered from around the globe — an
11 effort that reportedly included digitally converting documents for the parties' agreed-upon
12 method of electronic discovery. In their view, Emcore was demanding production by
13 unreasonable and arbitrary deadlines.

14   In any event, at the motion hearing, plaintiffs argued that the instant motion is now moot
15 because they have produced all responsive, non-privileged documents, as well as a privilege log
16 of documents that have been withheld. Based on plaintiffs' counsel's representations, it appears
17 that plaintiffs have produced all responsive, non-privileged documents located after diligent
18 inquiry and reasonable search as to the requests at issue. Nonetheless, insofar as plaintiffs say
19 they are willing to provide defendants with a written statement to that effect, and to the extent it
20 has not already been done, they shall do so no later than 10 days from the entry of this order.
21 Defendants' motion is otherwise deemed moot.[1]

22   Plaintiffs' request for payment of their attorney's fees incurred in connection with the

---

[1] At oral argument, Emcore alluded to concerns about the state of plaintiffs' document production, which Emcore says is a "mass jumble." Plaintiffs heartily disagree with Emcore's characterizations. This court does not address these issues here because they are not the subject of the instant motion, and the parties indicated that they are continuing to meet-and-confer on these matters.

2

instant motion is denied.

SO ORDERED.

Dated: December 17, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:08-cv-03248-JW Notice electronically mailed to:

2  Caroline Ann Haugsten Sayers csayers@whitecase.com

3  Desiree DeSurra ddesurra@whitecase.com

4  Dori Lynn Yob dyob@hopkinscarley.com, ash@hopkinscarley.com

5  Erik Paul Khoobyarian epk@hopkinscarley.com, pvoight@hopkinscarley.com

6  James Jonathan Hawk jhawk@whitecase.com

7  John Calvin Brown , III jbrown@redbrownlaw.com

8  John V. Picone , III jpicone@hopkinscarley.com, dhodges@hopkinscarley.com

9  Matthew Paul Lewis mlewis@whitecase.com

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California

4