*E-FILED 12-18-2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S., INC., a Delaware corporation, AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, AVAGO TECHNOLOGIES JAPAN, LTD., AVAGO TECHNOLOGIES CANADA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EMCORE CORPORATION; VENTURE CORPORATION fka VENTURE MANUFACTURING (S) LTD.,<br><br>　　　　Defendants.<br>_____/ | No. C08-03248 JW (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT EMCORE CORPORATION'S MOTION TO COMPEL INITIAL DISCLOSURES**<br><br>[Re: Docket No. 65] |

Plaintiffs (collectively referred to here as "Avago") supply optoelectronics products, RF/microwave components, and enterprise ASICs (Application Specific Integrated Circuits). They sue over allegedly defective fiber optic transceivers sold to Avago customers. Defendant Venture Corporation ("Venture") manufactured the transceivers in question. Defendant Emcore Corporation ("Emcore") manufactured a component of the transceivers — i.e., Vertical Cavity Surface Emitting Lasers — which allegedly caused the transceivers to be defective. Plaintiffs claim that, as a result, their business and business relationships were adversely affected. Avago asserts claims for breach of contract and breach of express warranty against Venture, as well as

a claim for negligent interference with prospective economic advantage against Emcore.

Emcore moves to compel further supplemental initial damages disclosures from Avago. Plaintiffs have supplemented their initial disclosures twice. Emcore maintains that the second supplemental damages disclosure still does not satisfy the requirements of Fed. R. Civ. P. 26(a)(1)(A).[1] Plaintiffs oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

"[A] party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). Additionally, the disclosing party "must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Id. "This obligation applies only with respect to documents then reasonably available to [the disclosing party] and not privileged or protected as work product." FED. R. CIV. P. 26(a) advisory committee's note (1993). Additionally, disclosure requirements are to be applied "with common sense in light of the principles of [Fed. R. Civ. P.] Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish" — "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 26(a) advisory committee's note (1993); FED. R. CIV. P. 1.

"Rule 26 does not elaborate on the level of specificity required in the initial damages disclosure." City and County of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 220 (N.D. Cal. 2003). Thus, "guidance as to the adequacy of the disclosures must be gleaned from Rule 26(a)'s purpose: to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" Id. (quoting Fed. R. Civ. P. 26 advisory committee's note (1993)). "[E]arly disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery." Id.

---

[1] As originally presented, Emcore's motion also sought, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the identification of documents that plaintiffs may use to support their claims. Emcore advises that those disclosures are no longer at issue.

2

United States District Court
For the Northern District of California

In the instant case, Avago's second supplemental disclosures list dollar amounts for certain categories of claimed damages. The disclosures do not state dollar amounts for others (e.g. loss of revenue and impact on company reputation), which plaintiffs say "will be the subject of expert analysis, opinion and testimony." (See Khoobyarian Decl., Ex. C). Emcore acknowledges that certain categories of damages may well require expert analysis. However, it contends that greater detail is required — namely, (1) a breakdown of damages claimed by each plaintiff (rather than a lump sum for all plaintiffs), (2) a computation by each plaintiff as to the tort damages claimed from Emcore (as distinguished from the contract damages claimed from Venture); (3) a statement of damages relating to each contract that Avago was unable to execute due to Emcore's alleged negligent interference; (4) an explanation as to the meaning of certain categories of damages, and (5) an explanation how each plaintiff calculated its claimed damages. Plaintiffs represent that they have produced all documents supporting their initial damages disclosure. As for the further detail sought by Emcore, plaintiffs contend that, due in part to their record-keeping practices, they may not be able to provide the precise information sought, and further, that such details are not required at this stage of the litigation in any event.

Emcore's assertions as to the prejudice it has suffered are underwhelming. Nevertheless, defendant's argument that it should not be liable for alleged damages sustained by Avago's foreign subsidiaries provides some justification for requiring plaintiffs to provide at least some estimates, however tentative or preliminary. See Tutor-Saliba Corp., 218 F.R.D. at 221-22. Accordingly, Emcore's motion is granted in part and denied in part as follows:

1. To the extent feasible, each plaintiff should disclose the damages it claims as to each defendant and to make some effort to allocate the claimed costs between the named plaintiffs.

2. Plaintiffs should provide some explanation as to what is meant by the claimed damages for "Current expenses incurred for customer claims" and "Value of current and pending customer claims."

3. To the extent the methodology used to calculate plaintiffs' disclosed damages does not require expert analysis, plaintiffs shall also disclose the same. Id. at

3

221 (noting that the initial disclosure of damages under Fed. R. Civ. P. 26 requires "some analysis"). As Emcore acknowledges, some information might well require expert analysis. Accordingly, if plaintiffs contend in good faith that certain categories of damages or the methodology used to calculate those damages are properly the subject of expert reports, plaintiffs need not disclose the precise method of calculation at this time.

4. Plaintiffs need not now provide, by way of their initial disclosures, a breakdown of damages relating to each contract that Avago was unable to execute due to Emcore's alleged negligent interference.

5. Plaintiffs shall serve their supplemental initial damages disclosure within 30 days from the date of this order.

6. Emcore's request for what essentially amounts to an evidence-preclusion order is denied. Such an order is a remedy reserved for "extreme situations" not present here. See Tutor-Saliba Corp., 218 F.R.D. at 220-21. Discovery is underway and remains open for approximately eight more months. Although plaintiffs are required to disclose information now known or reasonably available to them, their initial damages disclosure "is merely a preliminary assessment and is subject to revision" under Fed. R. Civ. P. 26(e). Id. at 222.

SO ORDERED.

Dated: December 18, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  5:08-cv-03248-JW Notice electronically mailed to:

2  Caroline Ann Haugsten Sayers csayers@whitecase.com

3  Desiree DeSurra ddesurra@whitecase.com

4  Dori Lynn Yob dyob@hopkinscarley.com, ash@hopkinscarley.com

5  Erik Paul Khoobyarian epk@hopkinscarley.com, pvoight@hopkinscarley.com

6  James Jonathan Hawk jhawk@whitecase.com

7  John Calvin Brown , III jbrown@redbrownlaw.com

8  John V. Picone , III jpicone@hopkinscarley.com, dhodges@hopkinscarley.com

9  Matthew Paul Lewis mlewis@whitecase.com

10 Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5