JOHN C. BROWN (CA Bar No. 195804)
Redenbacher & Brown, LLP
580 California Street, Suite 1600
San Francisco, California 94104
Phone:  (415) 409-8600
Facsimile:  (415) 520-0141
Email:  jbrown@redbrownlaw.com

Attorneys for defendant, EMCORE CORP.

*IT IS SO ORDERED*
*Judge James Ware*

5/24/2010

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., *et al.*, <br><br> Plaintiff, <br><br> vs. <br><br> EMCORE CORP., *et al.*, <br><br> Defendant. | Case No.:  C 08-3248-JW <br><br> **STIPULATION FOR FILING BY EMCORE CORPORATION OF FIRST AMENDED ANSWER TO  FIRST AMENDED COMPLAINT** |

IT IS HEREBY STIPULATED by and between the plaintiffs AVAGO TECHNOLOGIES U.S., INC.; AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED; AVAGO TECHNOLOGIES JAPAN, LTD.; and, AVAGO TECHNOLOGIES CANADA CORPORATION, on the one hand, and defendant EMCORE CORPORATION, on the other hand, that Emcore may file a First Amended Answer to the First Amended Complaint filed by plaintiffs on February 4, 2009.  A copy of the First Amended Answer, which incorporates a new Sixteenth Affirmative Defense, "Applicability of Foreign Law," is attached hereto as Exhibit 1.

It is so stipulated.

Date:        5/11/09                    HOPKINS & CARLEY

                                        \s\
                                    By _____
                                          Erik P. Khoobyarian
                                        Attorneys for Plaintiffs

1

| | |
|---|---|
| Date:  5/14/10 | REDENBACHER & BROWN, LLP |
| | \s\ |
| | By _____ |
| | John C. Brown |
| | Attorneys for defendant, EMCORE CORP. |

**ATTESTATION OF JOHN C. BROWN**

I, John C. Brown, am attorney of record for defendant EMCORE CORP. I have obtained concurrence in the filing of this document from Erik P. Khoobyarian, attorney of record for Plaintiffs AVAGO TECHNOLOGIES U.S., INC., AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LIMITED, AVAGO TECHNOLOGIES JAPAN, LTD., and AVAGO TECHNOLOGIES CANADA CORPORATION, which shall serve in lieu of his signatures on the filed document. I have obtained and will maintain records to support this concurrence for subsequent production for the court if so ordered or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any).

Dated:  May 14, 2010

By: /s/

John C. Brown

IT IS SO ORDERED:

The parties have previously filed the attachment as a separate docket entry (Docket Item No. 89)

Dated: May 24, 2010                                          _____
                                                              United States District Judge

# EXHIBIT 1

Case 5:08-cv-03248-JW   Document 90   Filed 05/24/10   Page 3 of 16

JOHN C. BROWN (State Bar # 195804)
Redenbacher & Brown, LLP
580 California Street, Suite 1600
San Francisco, California 94104
Phone:  (415) 409-8600
Facsimile:  (415) 520-0141
Email:  jbrown@redbrownlaw.com

Attorneys for Defendant, EMCORE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S., INC., *et al.*,<br><br>   Plaintiffs,<br><br>   vs.<br><br>EMCORE CORPORATION, *et al.*,<br><br>   Defendants. | Case No.:  C08-3248 JW<br><br>**DEFENDANT EMCORE CORPORATION'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

Emcore Corporation ("Emcore"), through its attorneys, hereby answers the First Amended Complaint of plaintiffs Avago Technologies US, Inc., Avago Technologies International Sales Pte Ltd., Avago Technologies Japan Ltd., and Avago Technologies Canada Corporation (collectively, "plaintiffs") as follows:

**PARTIES**

1. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint and, therefore, denies such allegations.

2. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint and, therefore, denies

1

such allegations.

3. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint and, therefore, denies such allegations.

4. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the First Amended Complaint and, therefore, denies such allegations.

5. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the First Amended Complaint and, therefore, denies such allegations.

6. Admitted.

**JURISDICTION**

7. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint regarding the plaintiffs' place of business and regarding the amount in controversy and, therefore, denies such allegations. The remaining allegations in paragraph 7 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Emcore denies such allegations.

**INTRADISTRICT ASSIGNMENT**

8. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint regarding the plaintiffs' place of business and regarding the amount in controversy and, therefore, denies such allegations.

**VENUE**

9. Emcore does not have sufficient information to form a conclusion as to the allegations relating to the Agreement. Emcore states that the remaining allegations in paragraph 9 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Emcore denies such allegations.

10. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint regarding

whether events or omissions related to Avago's allegations occurred in this district and, therefore, denies such allegations. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. The remaining allegations in paragraph 10 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent an answer is required, Emcore denies such allegations.

## GENERAL ALLEGATIONS

11. Emcore lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 of the First Amended Complaint and, therefore, denies such allegations.

12. Emcore lacks sufficient knowledge or information to form a belief as to the allegation that the "portfolio . . . supports all speeds" and, therefore, denies such allegations.

13. Emcore lacks sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 13 of the First Amended Complaint and, therefore, denies such allegations.

14. Emcore admits that Venture issued purchase orders to Emcore for the manufacture of VCSEL die that Venture represented would be incorporated in fiber optics transceivers manufactured by it for Avago. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the remainder of the allegations contained in Paragraph 14 of the First Amended Complaint and, therefore, denies such allegations.

15. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Otherwise, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint and, therefore, denies such allegations.

16. Emcore admits that Avago, Venture, and Emcore attempted to ascertain the

reasons for failures in fiber optics transceivers through a process of reverse engineering and independent laboratory analysis.  Emcore denies all remaining allegations of this paragraph.  Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.

17.     Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.  Emcore lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 17 of the First Amended Complaint and, therefore, denies such allegations.

18.     Emcore states that the allegations in paragraph 18 of the First Amended Complaint are legal conclusions to which no answer is required.  To the extent that the allegations are not legal conclusions, Emcore denies the allegations.

19.     Emcore denies that Avago has made demands upon it for compensation.  Emcore admits that it has declined to compensate Avago.  Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.  Emcore lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 19 of the First Amended Complaint and, therefore, denies such allegations."

## FIRST CAUSE OF ACTION

### (Breach of Contract; Non-conforming Goods Against Venture)

20.     Emcore incorporates its allegations in paragraphs 1 through 19, *supra*, in response to the allegations in paragraph 20.

21.     Emcore lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations contained in Paragraph 21 of the First Amended Complaint and, therefore, denies such allegations.

22.     Emcore states that the allegations in paragraph 22 of the First Amended Complaint are legal conclusions to which no answer is required.  To the extent that the allegations are not legal conclusions, Emcore denies the allegations.

23. Emcore admits that Avago purchased fiber optics transceivers from Venture. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 23 of the First Amended Complaint and, therefore, denies such allegations.

24. Emcore admits that Avago claimed that the fiber optics transceivers had problems. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint and, therefore, denies such allegations.

25. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint and, therefore, denies such allegations.

26. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint and, therefore, denies such allegations.

27. Emcore admits that the purported Agreement defines "product requirements" and the purported Agreement speaks for itself regarding same. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint and, therefore, denies such allegations.

28. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint and, therefore, denies such allegations.

29. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint and, therefore, denies such allegations.

30. Emcore states that the allegations in paragraph 30 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent that the allegations are not legal conclusions, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint and, therefore, denies such allegations.

31. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Complaint and, therefore, denies such allegations.

32. Emcore states that the allegations in paragraph 32 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent that the allegations are not legal conclusions, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint and, therefore, denies such allegations. In particular, Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.

## SECOND CAUSE OF ACTION

### (Breach of Express Warranty Against Venture)

33. Emcore incorporates its allegations in paragraphs 1 through 32, *supra* in response to the allegations in paragraph 33.

34. Emcore states that the allegations in paragraph 34 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent this paragraph contains facts, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint and, therefore, denies such allegations.

35. Emcore states that the allegations in paragraph 35 of the First Amended

1  Complaint are legal conclusions to which no answer is required.  To the extent this paragraph
2  contains facts, Emcore lacks sufficient knowledge or information to form a belief as to the truth of
3  the allegations contained in Paragraph 35 of the First Amended Complaint and, therefore, denies
4  such allegations.

5       36. Emcore admits that the purported Agreement includes warranty provisions and
6  states that it speaks for itself regarding same.  Emcore lacks sufficient knowledge or information to
7  form a belief as to the truth of the allegations contained in Paragraph 36 of the First Amended
8  Complaint and, therefore, denies such allegations.

9       37. Emcore denies that it negligently manufactured VCSEL die or other defective
10 products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.
11 Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations
12 contained in Paragraph 37 of the First Amended Complaint and, therefore, denies such allegations.

13      38. Emcore denies that it negligently manufactured VCSEL die or other defective
14 products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.
15 Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations
16 contained in Paragraph 38 of the First Amended Complaint and, therefore, denies such allegations.

17      39. Emcore denies that it negligently manufactured VCSEL die or other defective
18 products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.
19 Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations
20 contained in Paragraph 39 of the First Amended Complaint and, therefore, denies such allegations.

21      40. Emcore denies that it negligently manufactured VCSEL die or other defective
22 products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.
23 Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations
24 contained in Paragraph 40 of the First Amended Complaint and, therefore, denies such allegations.

25      41. Emcore denies that it negligently manufactured VCSEL die or other defective
26 products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago.
27 Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations
28 contained in Paragraph 41 of the First Amended Complaint and, therefore, denies such

allegations.

42. Emcore states that the allegations in paragraph 42 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent this paragraph contains facts, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint and, therefore, denies such allegations.

43. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore states that the allegations in paragraph 43 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent this paragraph contains facts, Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint and, therefore, denies such allegations.

## THIRD CAUSE OF ACTION

**(Negligent Interference With Prospective Economic Relations Against Emcore)**

44. Emcore incorporates its allegations in paragraphs 1 through 43, *supra*, in response to the allegations in paragraph 44.

45. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the First Amended Complaint and, therefore, denies such allegations.

46. Emcore admits that Emcore contracted to supply to Venture VCSEL die and that Venture advised Emcore that this VCSEL die would be incorporated in fiber optics transceivers manufactured by Venture for Avago. Emcore denies the remainder of the allegations of paragraph 46.

47. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 47 of the First Amended Complaint and, therefore, denies such allegations.

48. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Emcore lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in Paragraph 48 of the First Amended Complaint and, therefore, denies such allegations.

49. Denied.

50. Denied.

51. Emcore denies that it negligently manufactured VCSEL die or other defective products as alleged by Avago and that it has otherwise caused any damages as alleged by Avago. Otherwise, Emcore states that the allegations in paragraph 51 of the First Amended Complaint are legal conclusions to which no answer is required. To the extent this paragraph contains facts, Emcore denies the allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE--FAILURE TO STATE A CAUSE OF ACTION**

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Emcore.

### **SECOND AFFIRMATIVE DEFENSE--STATUTE OF LIMITATIONS**

The action against Emcore is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §339(1), California Code of Civil Procedure §343, California Code of Civil Procedure §§335-349.4.

### **THIRD AFFIRMATIVE DEFENSE--PREJUDGMENT INTEREST**

The First Amended Complaint fails to state facts sufficient to constitute grounds for an award of prejudgment interest against Emcore.

### **FOURTH AFFIRMATIVE DEFENSE--ATTORNEYS' FEES**

The First Amended Complaint fails to state facts sufficient to constitute grounds for an award of attorneys' fees against Emcore.

### **FIFTH AFFIRMATIVE DEFENSE--MITIGATION OF DAMAGES**

On information and belief, plaintiffs' alleged injuries, if any there were, were aggravated by

9

the plaintiffs' failures to use reasonable diligence to mitigate them.

### SIXTH AFFIRMATIVE DEFENSE--MISUSE OF PRODUCT

If plaintiffs were injured and/or damaged as alleged in plaintiffs' complaint, then said injuries and/or damages were the direct and proximate result of plaintiffs' misuse of the subject property.

### SEVENTH AFFIRMATIVE DEFENSE--UNFORESEEABLE USE OF PRODUCT

Any injury, damage or loss, was sustained by and solely caused by and attributable to the unreasonable, unforeseeable and totally inappropriate purpose and improper use made by plaintiffs of the product alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE--COMPARATIVE NEGLIGENCE

Plaintiffs were comparatively at fault, and Emcore prays that any and all damages sustained by said plaintiffs be reduced by the percentage of their negligence.

### NINTH AFFIRMATIVE DEFENSE--CONTRIBUTORY NEGLIGENCE

Plaintiffs were actively careless and negligent in and about the matters alleged in the Complaint, and said acts of carelessness and negligence on plaintiffs' own part proximately contributed to the happening of the incident and to the loss and damage, if any there were.  Plaintiffs' contributory negligence shall reduce any and all damages sustained by said plaintiffs.

### TENTH AFFIRMATIVE DEFENSE--RESPONSIBILITY OF OTHERS (NEGLIGENCE OF OTHERS)

The damages complained of, if any there were, were proximately contributed to or caused by the carelessness, negligence, fault or defects created by the remaining parties in this action, or by other persons, corporations or business entities, unknown to Emcore at this time, and were not caused in any way by Emcore, or by persons for whom Emcore is legally liable.  Should Emcore be found liable to plaintiffs, which liability is expressly denied, Emcore is entitled to have this award against it abated, reduced or eliminated to the extent that the negligence, carelessness, fault or defects created by the remaining parties in this action, or by said other persons, corporations or business entities, contributed to plaintiffs' damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE--ASSUMPTION OF RISK

Plaintiffs knew, or in the exercise of ordinary care should have known, of the risks and

hazards involved in the undertaking in which it was engaged, but nevertheless and knowing these things, did freely and voluntarily consent to assume all the risks and hazards involved in the undertaking.

### TWELFTH AFFIRMATIVE DEFENSE--SUPERVENING FACTORS

Any alleged acts or omissions of Emcore were superseded by the acts or omissions of others, including plaintiffs, other defendants, and/or other yet unnamed individuals or entities that were the independent, intervening, and proximate cause of the damage or loss complained of by plaintiffs, if any there were.

### THIRTEENTH AFFIRMATIVE DEFENSE--LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction to adjudicate the causes of action alleged by plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE--WAIVER

Plaintiffs have waived their rights to maintain the action filed in this case.

### FIFTEENTH AFFIRMATIVE DEFENSE--ESTOPPEL

The plaintiffs are estopped by action of law or by conduct from maintaining the action filed in this case.

### SIXTEENTH AFFIRMATIVE DEFENSE—APPLICABILITY OF FOREIGN LAW

Plaintiffs' claims against Emcore are not governed by the law of the forum, California, but rather by the law of a foreign state and/or foreign country, possibly including but not limited to the laws of Japan, Canada, Malaysia, and other countries, which state or country will be determined based on information and/or documents in the possession of plaintiffs and sought by Emcore through discovery.

## PRAYER FOR RELIEF

WHEREFORE, defendant Emcore Corporation prays:

1. That plaintiffs take nothing by the Complaint;

2. That any damages sustained by plaintiffs be reduced by the percentage of its own negligence;

3. That plaintiffs' First Amended Complaint be dismissed with prejudice;

4. That the Court award defendant Emcore its costs and attorneys' fees incurred in this action;

5. That the Court award such further relief to defendant Emcore as deemed just and proper.

Dated:   November 18, 2009                    REDENBACHER & BROWN, LLP

                                              By: _/s/ John C. Brown_____
                                              JOHN C. BROWN
                                              Attorneys for defendant
                                              EMCORE CORPORATION

**DEMAND FOR JURY TRIAL**

Emcore Corporation hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:    November 18, 2009

By *John C. Brown*
JOHN C. BROWN
Attorneys for defendant, EMCORE CORPORATION

13

DEFENDANT EMCORE CORPORATION'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT; C 08-3248 JW